IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MURIA INTELLECTUAL PROPERTY, LLC.,**<br><br>Plaintiff,<br><br>v.<br><br>**SPEED COMMERCE OPERATING COMPANY, LLC., SPEED COMMERCE, INC., NAVARRE DISTRIBUTION SERVICES, INC., NAVARRE ONLINE FULFILMENT SERVICES, INC., NAVARRE DIGITAL SERVICES, INC.,ENCORE SOFTWARE, LLC., AND VIVA MEDIA, INC.**<br><br>Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Muria Intellectual Property, LLC ("Muria" or "Plaintiff") makes the following allegations against Speed Commerce Operating Company, LLC., Speed Commerce, Inc. (collectively, "Speed Commerce"), Navarre Distribution Services, Inc., Navarre Online Fulfillment Sevices, Inc., Navarre

Digital Services, Inc., Encore Software, LLC. and Viva Media, Inc. ("Speed Commerce," "Navarre Distribution," "Navarre Online," "Encore," "Navarre Digital," and "Viva Media" respectively, collectively "Punch Software" or "Defendants"):

## PARTIES

1. Plaintiff Muria is a Pennsylvania limited liability company, with its principal place of business located at 1229 Laurel Oak LN, York, PA 17403.

2. On information and belief, Defendant Speed Commerce Operating Company LLC. is a Delaware limited liability company and the surviving company and acquirer of all assets of the restructuring of Speed Commerce, Inc., the latter of which is a Minnesota corporation and one or both entities are the Parent company of the other Defendants, both entities are believed to have their principal place of business at 1303 E. Arapaho Rd, Richardson, Texas 75081.

3. On information and belief, Defendant Navarre Distribution is a Minnesota corporation with its principal place of business in New Hope, Minnesota 55428.

4. On information and belief, Defendant Navarre Online is a Minnesota corporation with its principal place of business in New Hope, Minnesota 55428.

5. On information and belief, Defendant Encore, is a limited liability company organized under the laws of Minnesota having its principal place of business at 9700 W. 76th Street, Eden Prairie, Minnesota.

6. On information and belief, Defendant Navarre Digital, is a Minnesota corporation having its principal place of business at 7400 49th Ave N, New Hope, Minnesota 55428.

7. On information and belief, Defendant, Viva Media is a Minnesota corporation having its principal place of business at 7400 49th Ave N, New Hope, Minnesota 55428.                             .

## JURISDICATION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants, including through their wholly owned subsidiaries have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

10. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Pennsylvania Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Pennsylvania and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,097,393

11. Plaintiff is the owner by assignment of United States Patent No. 6,097,393 ("the '393 Patent") titled "Computer-Executed, Three-Dimentional Graphical Resource Management Process And System." The '393 Patent issued on August 1, 2000. A true and correct copy of the '393 Patent is attached as Exhibit A.

12. Upon information and belief, Defendants within the last six years and at least prior to July 9, 2014, directly or through intermediaries have been and/or are now infringing the '393 Patent in the State of Pennsylvania, in this judicial district, and elsewhere in the United States, by, making, using, providing, supplying, distributing, selling, and/or offering for sale products and/or systems (including those and/or similar products described on the website at https://www.punchsoftware.com) which contains explanations of the punch software products (Exhibit B) that practice the system for providing 3-dimensional software designs of beautiful spaces quickly and easily to layout your room, utilize editable floor plans, create your own inspired room, upload a photos, drag and drop objects such as furniture groupings, appliances, flooring, lighting, materials as covered by one or more claims of the '393 Patent and particularly, claims 1, 4, 6, 10, 13, 14, 16, 17, 25 and 30 of the '393 Patent; see also exemplary claim chart, Exhibit C.

13. Defendants have been and/or are directly infringing, literally infringing, and/or infringing the '393 Patent under the doctrine of equivalents. Defendants are thus liable for infringement of the '393 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendants' infringement of the '393 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to

compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

15. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '393 Patent, Plaintiff will be greatly and irreparably harmed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed the '393 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '393 Patent, or such other equitable relief the Court determines is just and proper;

3. A judgment and order requiring Defendants pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '393 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Muria, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED October 21, 2016.                    Respectfully submitted,

By: \s\ *Louis M. Heidelberger*

Louis M. Heidelberger
Pennsylvania Bar No. 21569
Louis.heidelberger@gmail.com

**The Law Offices of Louis M. Heidelberger, Esquire LLC.**
1229 Laurel Oak LN
York, PA 17403
Tel: (215) 284-8910
Fax: (267) 388-3996

**ATTORNEYS FOR PLAINTIFF MURIA INTELLECTUAL PROPERTY, LLC.**